UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>        Plaintiff,<br><br>    v.<br><br>M STANE, M. ESPINOZA, E. RUELAS, D. CHAVEZ, D. ROWLAND,<br><br>        Defendants. | Case No. 1:22-cv-236-DAD-HBK<br><br>AMENDED FINDINGS AND RECOMMENDATIONS RECOMMENDING CASE BE DISMISSED WITHOUT PREJUDICE[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>(Doc. No. 6) |

**I. FACTS AND BACKGROUND**

    Plaintiff Rogelio May Ruiz—a state prisoner—proceeds *pro se* on a prisoner civil rights complaint filed in the Sacramento Division of this Court under 42 U.S.C. § 1983 on February 22, 2022. (Doc. No. 1). On February 25, 2022, the case was transferred to his Division. (Doc. No. 4). On February 28, 2022, the Court ordered Plaintiff to either pay the requisite filing fee or file the enclosed motion for leave to proceed *in forma pauperis* within 30 days. (Doc. No. 6). The order warned Plaintiff that if he "fails to timely comply with this order, the undersigned will recommend the Court dismiss this case for Plaintiff's failure to comply with a court order and/or

---

[1] This Findings and Recommendations is amended only to correct a scrivener's error concerning the objection period and clarify the objections are due in fourteen days, not thirty days. (Doc. No. 9 at 1, 4).

prosecute this action." (*Id.*). As of the date on this Report and Recommendation, Plaintiff has not responded or otherwise complied with the February 28, 2022, Order and the time to do so has expired. Based on the facts and appliable law, the undersigned recommends this action be dismissed for failure to comply with the Court's order and for failure to prosecute.

## II.  APPLICABLE LAW

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with the court's Rules or any order of court.

Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889 (noting court that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

## III.  ANALYSIS

The undersigned considers each of the above-stated factors and concludes dismissal is warranted in this case. As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and

due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant.

A pacer search reveals Plaintiff is no stranger to the federal courts. Plaintiff has initiated more than 42 federal civil actions in the federal courts. Notably, the complaint filed in this case is written entirely in Spanish despite the Court's prior admonishments to Plaintiff that pleadings filed in federal court must be written in English. *See e.g. Ruiz v. Mobert*, Case No. 1:17-cv-709-AWI-BAM (E.D. Cal. 2017)((Doc. No. 18) striking the complaint and directing Plaintiff to file complaint written in English); *Ruiz v. Curry*, Case No. 1:17-cv-1454-DAD-SAB (E.D. Cal. 2017)((Doc. No. 11) directing Plaintiff to file an amended complaint because the complaint was written in both English and Spanish); *Ruiz v. Woodfill*, Case No. 2:19-cv-2118-MCE-KJN, 2021 WL 1060141, at *1-*2 (E.D. Cal. March 18, 2021)(noting a number of cases Plaintiff has been advised to file pleadings written in English and further providing documentation that Plaintiff falsely alleged he cannot write or understand English); *Ruiz v Sadler*, Case No. 2:19-cv-147EFBN (E.D. Cal. 2019)(same)); *Ruiz v. Woodfill*, Case No. 2:20-cv-205-KJM-AC, 2021 WL 606255, at *1 (E.D. Cal. Jan. 28, 2021)(reviewing motion for reconsideration and advising Plaintiff he must file pleadings in English). Nor is their reason for pause that Plaintiff may have not understood the Court's February 28, 2022 Order. Plaintiff has filed pleadings and complaints in English at times. *See e.g. Ruiz v. Orozco*, No. 1:19-cv-0048-AWI-GSA (E.D. Cal. 2019) (noting Plaintiff filed his initial complaint in English with no notation the was assisted by another prisoner). Significant here is that Plaintiff's litigation history evidences he is aware of the requirement that he must accompany his complaint with a motion to proceed *in forma pauperis* or pay the filing fee, but also that the Court warned Plaintiff that if he failed to timely comply with the Court's order the Court would recommend dismissal.

Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with

3

prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Finally, the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

Accordingly, it is **ORDERED**:

The Clerk of Court shall assign a district court judge.

It is further **RECOMMENDED**:

This case be dismissed without prejudice.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  April 14, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE