UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>   Plaintiff,<br><br>   v.<br><br>M. STANE, ET. AL.,<br><br>   Defendants. | Case No. 1:22-cv-00236-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL AND MOTION FOR AN INTERPRETER<br><br>(Doc. No. 2) |

    Pending before the Court is Plaintiff's motion to appoint counsel and for an interpreter, filed on February 22, 2022. (Doc. No. 2). Plaintiff initiated this action by filing a *pro se* prisoner civil rights complaint under 42 U.S.C. § 1983 in the Sacramento Division of this Court, which was transferred to this Court on February 25, 2022. (Doc. Nos. 1, 4).

    Although the entire motion is written in Spanish, not English, the Court is able to discern that Plaintiff seeks the appointment of counsel and an interpreter for this case. (*See generally* Doc. No. 2). Motions and court filings must be in English. The Court has warned Plaintiff about this requirement on many occasions. *See e.g. Ruiz v. Mobert*, Case No. 1:17-cv-709-AWI-BAM (E.D. Cal. 2017)((Doc. No. 18) striking the complaint and directing Plaintiff to file Complaint written in English); *Ruiz v. Curry*, Case No. 1:17-cv-1454-DAD-SAB (E.D. Cal. 2017)((Doc. No. 11) directing Plaintiff to file an amended complaint because the complaint was written in both English and Spanish); *Ruiz v. Woodfill*, Case No. 2:20-cv-205-KJM-AC, 2021 WL 606255, at *1

1  (E.D. Cal. Jan. 28, 2021)(reviewing motion for reconsideration and advising Plaintiff he must file
2  pleadings in English); *Ruiz v. Woodfill*, Case No. 2:19-cv-2118-MCE-KJN, 2021 WL 1060141, at
3  *1-*2 (E.D. Cal. March 18, 2021) (noting a number of cases Plaintiff has been advised to file
4  pleadings written in English and further providing documentation that Plaintiff falsely alleges he
5  cannot write or understand English).   Historically Plaintiff has filed pleadings and complaints in
6  English at times. (*Id.* at *2) (citing *Ruiz v. Orozco*, No. 1:19-cv-0048-AWI-GSA (E.D. Cal.)
7  (noting Plaintiff filed his initial complaint in English with no notation the was assisted by another
8  prisoner); *Ruiz v Sadler*, Case NO. 2:19-cv-147EFBN (E.D. Cal.) (same)).

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases).  Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action.  *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted).  However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181.  The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved.  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Here, Plaintiff has not met his "burden of demonstrating exceptional circumstances." *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  A plaintiff's limited English proficiency "does not constitute an exceptional circumstance." *Garces v. Degadeo*, Case No. 1:06-cv-01038-LJO-SMS, 2007 WL 1521078, at *1 (E.D. Cal. May 22, 2007).  Further, the *in forma pauperis* statute does not authorize public funds for a court-appointed interpreter. *Ruiz*, 2021 WL 1060141 *1 (citations omitted).

Accordingly, it is **ORDERED**:

Plaintiff's motion for appointment of counsel and for an interpreter (Doc. No. 2) is **DENIED**.

Dated:   May 10, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE