1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROGELIO MAY RUIZ,                    Case No.  1:22-cv-00236-DAD-HBK (PC)

12              Plaintiff,                FINDINGS AND RECOMMENDATIONS TO
                                          DENY PLAINTIFF'S MOTION TO
13        v.                              PROCEED *IN FORMA PAUPERIS* UNDER 28
                                          U.S.C. § 1915 (g) AND/OR DISMISS
14   M. STANE, ET. AL.,                   ACTION WITHOUT PREJUDICE FOR
                                          FAILURE TO PROSECUTE
15              Defendants.
                                          FOURTEEN-DAY OBJECTION PERIOD
16
                                          ORDER TO ASSIGN A DISTRICT JUDGE
17
                                          (Doc. No.  13)
18

19        Plaintiff Rogelio May Ruiz, a prisoner incarcerated at California State Prison, Corcoran,

20   initiated this action by filing a pro se prisoner civil rights complaint under 42 U.S.C. § 1983 on

21   February 22, 2022.  (Doc. No. 1, "Complaint").  Plaintiff seeks to proceed in this action *in forma*

22   *pauperis*.  (Doc. No. 13, IFP).  For the reasons discussed below, the undersigned recommends the

23   district court deny Plaintiff's IFP motion under 28 U.S.C. § 1915(g) because Plaintiff has had at

24   least three actions or appeals that constitute strikes, and the Complaint does not establish that

25   Plaintiff meets the imminent danger exception.  Alternatively, or in addition to, the undersigned

26   recommends the district court dismiss this action due to Plaintiff's failure to timely file a first

27   amended complaint in English as directed in the Court's May 4, 2022 Order.  (Doc. No. 17).

28   ////

1

**BACKGROUND AND FACTS**

2    Plaintiff initiated this action by filing a § 1983 complaint in the Sacramento Division of

3 this Court on February 22, 2022.  (Doc. No. 1).  On February 25, 2022, the case was transferred

4 to this Division.  (Doc. No. 4).  Because Plaintiff did not accompany his Complaint with the

5 requisite filing fee or an application to proceed *in forma pauperis*, on February 28, 2022, the

6 Court directed him to do so within 30 days of receipt of the Court's Order.  (Doc. No. 6).  The

7 February 28, 2022 Order warned Plaintiff that if he "fails to timely comply with this order, the

8 undersigned will recommend the Court dismiss this case for Plaintiff's failure to comply with a

9 court order and/or prosecute this action."  (*Id*.).

10    After Plaintiff failed to timely file an IFP or pay the filing fee, the undersigned issued

11 amended findings and recommendations to the district court on April 14, 2022 recommending

12 dismissal of this action without prejudice due to Plaintiff's failure to comply with the Court's

13 February 28, 2022 Order and/or failure to prosecute providing Plaintiff 14 days to file any

14 objections.[1]  (Doc. Nos. 9, 10).  During the objection period, Plaintiff filed an IFP motion.  (Doc.

15 Nos. 13, 16).  On May 4, 2022, the undersigned recalled the amended findings and

16 recommendations, struck the Complaint to the extent it was in Spanish and directed Plaintiff to

17 file an Amended Complaint in English.  (Doc. No. 17).  In its May 4, 2022 Order noting that

18 Plaintiff's Complaint was written entirely in Spanish, the Court noted that Plaintiff had in

19 previous cases been warned that filings in federal court must be in the English language.  (*Id.* at

20 2).  Plaintiff was provided 30 days from receipt of May 4, 2022 Order to file an Amended

21 Complaint in English.  (*Id.*at 2-3).  The May 4, 2022 Order further warned Plaintiff that failure to

22 comply with the order would result in the recommendation that this case be dismissed for failure

23 to comply with a court order and/or failure to prosecute the action.  (*Id.* at 4).  On May 31, 2022,

24 the Court granted Plaintiff a 30 day extension of time to file an Amended Complaint in English.

25 (Doc. Nos. 19, 20).  As of the date on these Findings and Recommendations, despite being

26 provided an enlargement of time, Plaintiff has not filed an Amended Complaint in English and

27

28
---
[1] The Amended Findings and Recommendations clarified a 14-day objection deadline, instead of a 30-day objection period, but was otherwise identical to the initial Findings and Recommendations.

1    the time to do so has passed.

2                        **APPLICABLE THREE STRIKE LAW**

3        The "Three Strikes Rule" states:

4            In no event shall a prisoner bring a civil action or proceeding under
             this section if the prisoner has, on 3 or more prior occasions, while
5            incarcerated or detained in any facility, brought an action or appeal
             in the United States that was dismissed on grounds that it was
6            frivolous, malicious, or fails to state a claim upon which relief may
             be granted, unless the prisoner is under imminent danger of serious
7            physical injury.

8
     28 U.S.C. § 1915(g).  As part of the Prison Litigation Reform Act, the Three Strikes Rule was
9
     enacted to help curb non-meritorious prisoner litigation.  *See Lomax v. Ortiz-Marquez,* 140 S. Ct.
10
     1721, 1723 (2020) (citations omitted)).  Under § 1915(g), prisoners who have repeatedly brought
11
     unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment
12
     plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious,
13
     or for failure to state a claim.  *Id.*; *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir.
14
     2007).
15
         For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning
16
     the order dismissing the case must have been docketed before plaintiff initiated the current case.
17
     *See* § 1915(g).  The reviewing court then looks to the basis of prior dismissals.  *Knapp v. Hogan*,
18
     738 F.3d 1106, 1109 (9th Cir. 2013).  A dismissal counts as a strike when the dismissal of the
19
     action was for frivolity, maliciousness, or for failure to state a claim, or an appeal was dismissed
20
     for the same reasons.  *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v.*
21
     *Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count
22
     as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts
23
     as a strike during the pendency of the appeal).  It is immaterial whether the dismissal for failure to
24
     state a claim to count was with or without prejudice, as both count as a strike under § 1915(g).
25
     *Lomax,* 140 S. Ct. at 1727.  When a district court disposes of an *in forma pauperis* complaint
26
     requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g).  *Louis*
27
     *Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).
28
                                            3

1    Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without

2    paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner

3    "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint.

4    *Andrews v. Cervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger

5    exception for the first time in the Ninth Circuit).  The court must construe the prisoner's "facial

6    allegations" liberally to determine whether the allegations of physical injury are plausible.

7    *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).

8         In order to avail oneself of this narrow exception, "the PLRA requires a nexus between

9    the alleged imminent danger and the violations of law alleged in the prisoner's complaint." *Ray*

10   *v. Lara*, No. 19-17093, ___ F. 4th ___, 2022 WL 1073607, at *6 (9th Cir. Apr. 11, 2022)

11   (adopting nexus test).  "In deciding whether such a nexus exists, we will consider (1) whether the

12   imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly*

13   *traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial

14   outcome would *redress* that injury." *Id*. at *7 (adopting test as articulated by Second Circuit,

15   citation omitted).  The three-strikes litigant must meet both requirements of the nexus test to

16   proceed. *Id*.

17        Assertions of imminent danger may be rejected as overly speculative, fanciful, or

18   "conclusory or ridiculous." *Andrews*, 493 F.3d at 1057, fn. 11.  Similarly, "vague and utterly

19   conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226,

20   1231–32 (10th Cir. 1998).  Instead, the "imminent danger" exception exists "for genuine

21   emergencies," where "time is pressing" and "a threat . . .  is real and proximate." *Lewis v.*

22   *Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  Thus, conditions that posed imminent danger to a

23   plaintiff at some earlier times are immaterial, as are any subsequent conditions. *Andrews*, 493

24   F.3d at 1053; *Blackman v. Mjening*, 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1

25   (E.D. Cal. Oct. 4, 2016).

26        Upon a finding that the plaintiff is barred by the three strikes provision of 28 U.S.C. §

27   1915(g), some courts have found that the proper procedure is to dismiss the case without

28   prejudice to re-filing the action upon pre-payment of fees at the time the action is refiled.

4

1    *Hardney v. Hampton*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 4896034, at *4 (E.D. Cal.

2    Oct. 20, 2021), *report and recommendation adopted*, No. 2:20-cv-01587-WBS-DMC-P, 2021

3    WL 6051701 (E.D. Cal. Dec. 21, 2021) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir.

4    2002); *Campbell v. Vance*, No. CIV S-05-1163 RRB, 2005 WL 3288400, at *1 (E.D. Cal. Nov.

5    30, 2005).  Other courts have first afforded the plaintiff an opportunity to pay the filing fee

6    before dismissing the case.  *See Gorby v. Internal Revenue Service, Fresno*, Case No. 1:21-cv-

7    320-NONE-HBK, 2021 WL 1339146, *report and recommendation adopted in part and rejected*

8    *in part*, 2021 WL 2227810 (E.D. Cal. June 2, 2021)(rejected immediate dismissal, instead

9    permitting 30 days to pay filing fee, and if not, then requiring dismissal); *Trujillo Cruz v. White*,

10    No. 2:19-cv-1304-KJM-DMC, 2019 WL 4917192 (Oct. 4, 2019), *report and recommendation*

11    *adopted in part and rejected in part*, *Trujillo-Cruz v. White*, 2020 WL 1234201 (E.D. Cal. March

12    13, 2021)(rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not

13    then requiring dismissal).

14    The preceding law must be taken in the context of congressional intent when enacting the

15    Prison Litigation Reform Act.  As the United States Supreme Court noted in *Lomax*, "[t]he point

16    of the PLRA . . . was to cabin not only abusive but also simply meritless prisoner suits."  *Lomax*,

17    140 S.Ct. at 1726.  And the three strikes provision, in particular, was aimed "to disincentivize

18    frivolous prisoner litigation."  *Hoffman v. Pulido*, 928 F.3d 1147, 1148-49 (9th Cir. 2019).

19    **ANALYSIS**

20    **A.  Plaintiff has three or more qualifying strikes**

21    A review of the Pacer Database reveals Plaintiff has filed at least 49 civil actions or

22    appeals in a court of the United States.  The Court identifies the following cases, although not

23    exhaustive, which are properly deemed qualifying § 1915(g) strikes, entered before Plaintiff

24    commenced the instant action:

25

26 

| Date of Order | Case Style | Disposition |
|---|---|---|
| May 9, 2016 | *Ruiz v. McGuire*, Case No. 3:16-cv-03880-AJB-BLM (S.D. Cal. 2016) | Order dismissing complaint for failure to state a claim and failure to comply with the |

5

| | | court's order directing plaintiff file an amended complaint.  This dismissal for qualifies as a strike under *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("Accordingly, we hold that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)."). |
|---|---|---|
| May 30, 2018 | *Ruiz v. Curry*, Case No. 1:17-cv-1454-DAD-SAB (E.D. Cal. 2017) | Order adopting findings and recommendations to dismiss complaint for failure to state a claim. |
| November 22, 2019 | *Ruiz v. Curry*, Case No. 19-16456 (9th Cir. 2019) | Order dismissing appeal as frivolous under 28 U.S.C. § 1915(e)(2) and denying motion to proceed to proceed *in forma pauperis* on appeal . |

At least one other judge in this Court has previously found Plaintiff has accrued at least three strikes and is subject to § 1915(g)'s bar absent a showing of the imminent danger exception. *See Ruiz v. Woodfill*, Case No. 2:20-cv-0205-KJM-AC (E.D. Cal. 2020).  As evidenced above, Plaintiff has had three or more qualifying strikes for purposes of § 1915(g).

**B.  The Imminent Danger Exception Does Not Apply**

Because Plaintiff has three-qualifying strikes, he may not proceed IFP unless the Complaint contains plausible allegations that Plaintiff is in imminent danger of serious physical injury as of the date the Complaint is filed.  Because the Complaint was written primarily in Spanish, the undersigned requested the Court's staff interpreter to conduct an informal sight translation of the document.  Liberally construing the Complaint, Plaintiff's allegations fail to meet § 1915(g)'s imminent physical danger exception.

The gravamen of the Complaint concerns an excessive use of force incident that occurred on June 3, 2021.  (Doc. No. 1 at 3-10).  Plaintiff alleges that on this date he was subjected to

6

1  excessive force, issued a falsified RVR related to the incident, subjected to racial discrimination

2  because he was not provided an interpreter at the correctional institution, and his cane was

3  destroyed. (*Id.*). The allegations, however, do not show Plaintiff was under imminent threat of

4  serious physical injury at the time he filed the Complaint because the incident giving rise to the

5  cause of action occurred on June 3, 2021, eight months before he filed the Complaint.[2] (*Id.* at 3-

6  10). Furthermore, there are no allegations of a continuing violation or stated facts indicating an

7  ongoing pattern of physical harm. *See Andrews*, 493 F.3d at 1056-57 ("[A] prisoner who alleges

8  that prisoner official continued with a practice that has injured him or others similarly situated in

9  the past will satisfy the 'ongoing danger' standard…"). Consequently, because the Complaint

10  does not contain plausible allegations that Plaintiff "faced 'imminent danger of serious physical

11  injury' at the time of filing" of the complaint, he is not entitled to rely upon the exception to

12  proceed IFP. *Andrews v. Cervantes*, 493 F.3d 1047.

13                    **C. Dismissal for Plaintiff's non-compliance under Rule 41(b)**

14           Alternatively, because Plaintiff has failed to comply with the Court's May 4, 2022 Order

15  directing that the file an Amended Complaint in English, the undersigned recommends a

16  dismissal for failure to prosecute and/or comply with a court order. Plaintiff is no stranger to the

17  federal courts. Plaintiff has initiated more than 42 federal civil actions in the federal courts.

18  Notably, the complaint filed in this case is written entirely in Spanish despite numerous court

19  orders admonishing Plaintiff that pleadings filed in federal court must be written in English. *See*

20  *e.g. Ruiz v. Mobert*, Case No. 1:17-cv-709-AWI-BAM (E.D. Cal. 2017)((Doc. No. 18) striking

21  the complaint and directing Plaintiff to file complaint written in English); *Ruiz v. Curry*, Case No.

22  1:17-cv-1454-DAD-SAB (E.D. Cal. 2017)((Doc. No. 11) directing Plaintiff to file an amended

23

24  [2] As informally translated by the court's interpreter, Plaintiff repeats the excessive use of force incident on
each page of the Complaint, alleging correctional officials falsified an RVR blaming him for attacking
25  correctional officers and instead attacked him while he was restrained on the ground by delivering kicks to
his head, face, and "testicular area." (Doc. No. 1 at 3-5). Albeit paradoxical, Plaintiff alleges during the
26  excessive force incident a correctional official insulted him in English, but he didn't understand,
prompting the correctional officer to get frustrated. (*Id.* at 4). As a result of the excessive use of force
27  incident, Plaintiff states he suffered injuries including a broken molar, face/head lacerations, an inflamed
right eye, and "inflamed testicles." (*Id.* at 3-5).
28

1    complaint because the complaint was written in both English and Spanish); *Ruiz v. Woodfill*, Case

2    No. 2:19-cv-2118-MCE-KJN, 2021 WL 1060141, at \*1-\*2 (E.D. Cal. March 18, 2021)(collecting

3    cases advising Plaintiff to file pleadings in English and further providing documentation that

4    Plaintiff falsely alleged he cannot write or understand English); *Ruiz v Sadler*, Case No. 2:19-cv-

5    147EFBN (E.D. Cal. 2019)(same)); *Ruiz v. Woodfill*, Case No. 2:20-cv-205-KJM-AC, 2021 WL

6    606255, at \*1 (E.D. Cal. Jan. 28, 2021)(reviewing motion for reconsideration and advising

7    Plaintiff must file pleadings in English).

8        Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action

9    when a litigant fails to prosecute an action or fails to comply with other Rules or with a court

10    order.  See Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889

11    (9th Cir. 2019) (citations omitted).  Local Rule 110 similarly permits the court to impose

12    sanctions on a party who fails to comply with the court's Rules or any order of court.

13        Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the

14    public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3)

15    the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the

16    availability of less drastic sanctions.  *See Applied Underwriters*, 913 F.3d at 889  (noting court

17    that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis

18    added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors

19    and independently reviewing the record because district court did not make finding as to each);

20    *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but

21    noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*,

22    963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff

23    did not amend caption to remove "et al" as the court directed and reiterating that an explicit

24    finding of each factor is not required by the district court).

25        The undersigned considers each of the above-stated factors and concludes dismissal is

26    warranted in this case.  As to the first factor, the expeditious resolution of litigation is deemed to

27    be in the public interest, satisfying the first factor.  *Yourish v. California Amplifier*, 191 F.3d 983,

28    990-91 (9th Cir. 1999).  Turning to the second factor, the Court's need to efficiently manage its

1    docket cannot be overstated.  This Court has "one of the heaviest caseloads in the nation," and

2    due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic,

3    operates under a declared judicial emergency.  *See* Amended Standing Order in Light of Ongoing

4    Judicial Emergency in the Eastern District of California.  The Court's time is better spent on its

5    other matters than needlessly consumed managing a case with a recalcitrant litigant.

6          Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to

7    follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th

8    Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with

9    prejudice of habeas petition where petitioner failed to timely respond to court order and noting

10   "the weight of the docket-managing factor depends upon the size and load of the docket, and

11   those in the best position to know what that is are our beleaguered trial judges.").  Delays

12   inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade

13   or be unavailable and can prejudice a defendant, thereby satisfying the third factor.  *See Sibron v.*

14   *New York,* 392 U.S. 40, 57 (1968).  Finally, the instant dismissal is a dismissal *without* prejudice,

15   which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

16         After considering the factors set forth *supra* and binding case law, the undersigned

17   alternatively recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule

18   110.

19         Accordingly, the Court **RECOMMENDS**:

20         1.     The district court DENY Plaintiff's motion to proceed *in forma pauperis* (Doc.

21   No. 2) under § 1915(g) due to his three-strike status and his failure to meet the imminent danger

22   exception and DISMISS the action without prejudice after affording Plaintiff an opportunity to

23   pay the filing fee.

24         2.     Or, in the alternative, or in addition to the above, the district court DISMISS the

25   action due to Plaintiff's failure to timely comply with the Court's orders to file an Amended

26   Complaint in English and/or prosecute his action.

27                          NOTICE TO PARTIES

28         These findings and recommendations will be submitted to the United States district judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14)**

**days** after being served with these findings and recommendations, a party may file written

objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations."  Parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


Dated:    July 15, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE