UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>    Plaintiff,<br><br>    v.<br><br>M. STANE, ET AL.,<br><br>    Defendants. | Case No.  1:22-cv-00236-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL, MOTION FOR AN INTERPRETER, AND MOTIONS FOR EXTENSION OF TIME<br><br>(Doc. Nos. 30, 31, 32, 33) |

Pending before the Court are four motions by Plaintiff Rogelio Ruiz seeking similar forms of relief or relief previously denied. (Doc. No. 30, 31, 32, 33). Plaintiff initiated this action by filing a pro se prisoner civil rights complaint under 42 U.S.C. § 1983 in the Sacramento Division of this Court, which was transferred to this Court on February 25, 2022. (Doc. Nos. 1, 4). Plaintiff filed a motion to proceed *in forma pauperis* on April 27, 2022. (Doc. No. 13. On July 15, 2022, the undersigned issued Findings and Recommendations to deny Plaintiff *in forma pauperis s*tatus due to his three-strike status. (Doc. No. 23). For the reasons set forth below, the Court denies Plaintiff's motions.

**1. Motions for Appointment of Counsel**

In all four of the pending motions, Plaintiff seeks appointment of counsel. (*See* Doc. Nos. 30, 31, 32, 33). His justification in all four motions is substantially

the same: that he does not speak English, he has a mental health disability, "don't [sic] know court rules or terminology," and he has an eye condition. (*See id.*) On May 18, 2022, the Court denied Plaintiff's previous motion for appointment of counsel and an interpreter. (*See* Doc. No. 18). The Court reaffirms it earlier ruling.

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Here, Plaintiff has not met his "burden of demonstrating exceptional circumstances.*"* *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). Plaintiff's limited English proficiency "does not constitute an exceptional circumstance." *Garces v. Degadeo*, 2007 WL 1521078, at *1 (E.D. Cal. May 22, 2007). Normal challenges faced by pro se litigants do not warrant appointment of counsel. *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se*

litigants."). Plaintiff claims that he has a mental health disability and that he has a TABE score of 0.00, (Doc. No. 30 at 1), but provides no additional facts regarding the nature of his purported disability and why it justifies appointment of counsel. *See Norwood v. Hubbard*, 2009 WL 1287298, at *5 (E.D. Cal. May 7, 2009) (finding no exceptional circumstances warranted appointment of counsel where prisoner's "assertion of mental health problems" were vague and he appeared to have adequately prepared other filings in his case). Plaintiff likewise indicates that he has problems with his vision and provides some supporting documentation, (Doc. No. 1 at 3-6), however he has filed numerous motions in this case, suggesting that his purported impairment has not prevented him from litigating this matter. As an accommodation to Plaintiff regarding his visual impairment, the Court will attempt to send its orders in large print, to the extent possible.[1]

As to Plaintiff's claim that his lack of understanding as to the court process justifies appointment of counsel, Plaintiff has capably filed numerous motions in this case and is a frequent litigator who, contrary to his assertion, appears to sufficiently understand court rules and terminology. Accordingly, the Court does not find he has established exceptional circumstances sufficient to warrant appointment of counsel.

**2. Request for an Interpreter**

In all four motions, Plaintiff also requests an interpreter or attorney-interpreter because "he don't speaks English, only Spanish." (*See*, *e.g.*, Doc. No. 33 at 1).

There are no statutory provisions that authorize "district courts to appoint an interpreter in a civil rights action that is initiated by an indigent state prisoner." *Sekona v. Liazarraga*, 2018 WL 11304911, at *1 (E.D. Cal. Jun. 29, 2018); see also *Gonzalez v. Bopari*, 2012 WL 6569776, at *1 (E.D. Cal. Dec. 17, 2012); *Ruiz v.*

---

[1] The Court increases its font size to 14 point for the body of its orders and 12 point for its footnotes.

*Stane*, 2022 WL 1490416, at *2 (E.D. Cal. May 11, 2022 ("the *in forma pauperis* statute does not authorize public funds for a court appointed interpreter.") (Citation omitted). When it is clear that a prisoner cannot articulate his claims in English, courts have instead appointed counsel. *Sekona*, 2018 WL 11304911 at *1. (Citations omitted). However, when a "prisoner has some ability to communicate in English, courts have generally declined to appoint counsel on the basis of limited English." *Id*. (citations omitted). While English is not Plaintiff's primary language, he has demonstrated the ability to communicate in English. Further, Plaintiff has previously filed pleadings in English or used the assistance of another inmate for his filings. See *Ruiz v. Woodfill*, Case No. 2:19-cv-2118-MCE-KJN, 2021 WL 1060141, at *1-*2 (E.D. Cal. March 18, 2021) (noting a number of cases Plaintiff has been advised to file pleadings written in English and further providing documentation that Plaintiff falsely alleges he cannot write or understand English). Historically Plaintiff has filed pleadings and complaints in English at times. (*Id.* at *2) (citing *Ruiz v. Orozco*, No. 1:19-cv-0048-AWI-GSA (E.D. Cal.) (noting Plaintiff filed his initial complaint in English with no notation the was assisted by another prisoner); *Ruiz v Sadler*, Case NO. 2:19-cv-147EFBN (E.D. Cal.) (same)). Thus, the Court denies the motion for an interpreter.

### 3. Construed Objections to Findings and Recommendations Denying Plaintiff's Application to Proceed *In Forma Pauperis*

In three of his motions, Plaintiff asks in different ways to be granted *in forma pauperis* (IFP) status, which the Court construes as Objections to the undersigned's Findings and Recommendations that he be denied IFP. (Doc. No. 23). These objections are properly directed to the assigned District Judge, who will address them by separate order.

### 4. Motions for Extension of Time

Finally, in two of the pending motions Plaintiff asks the Court to grant an extension of time. (Doc. Nos. 30, 31). While Plaintiff does not specify for which

4

deadline he seeks an extension of time, Plaintiff refers to deadlines that correspond with the magistrate judge's findings and recommendation to deny IFP. (Doc. No. 30 at 1; Doc. No. 31 at 1). The Court therefore liberally construes the request as an extension of time to respond to that Order. Plaintiff argues he did not have sufficient access to the law library, due to limited hours, for him to file his objections within the Court's deadlines. (*Id.*).

The Court previously granted Plaintiff an extension of time to respond to the Findings and Recommendations, allowing him from the time he was served in mid-July 2022 until September 2, 2022 to file his objections. (Doc. No. 26). He failed to do so. The Court notes that Plaintiff filed two motions for extension of time and a second motion to proceed *in forma pauperis* during the time period he was to file his objections. (Doc. Nos. 24, 25, 28). Finally, Plaintiff appears to have already filed the substance of his objections as part of the motions discussed herein, thereby rendering his requests moot. In either case, the Court finds no basis for granting an additional extension.

Accordingly, it is **ORDERED**:

1. Plaintiff's motions for appointment of counsel and an interpreter (Doc. Nos. 30, 31, 32, 33) are DENIED.
2. Plaintiff's motions for extension of time (Doc. Nos. 30, 31) are DENIED or in the alternative are deemed MOOT.

Dated:  April 10, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE